WILLIAMS, Judge.
This is an appeal from a decision of the trial court upholding the three year suspension imposed upon plaintiff by the Louisiana State Racing Commission [“Commission”].
On June 14, 1982, a stewards’ ruling was issued suspending plaintiff from racing and referring the case to the Commission for whatever action was necessary. The stewards’ ruling found that post-race tests on a horse trained by Durham established that the horse had been given two prohibited drugs that had not been previously reported to the Commission.
On June 25, 1982, the Commission met to consider a suspensive appeal from that ruling filed by Durham. Durham did not appear at the Commission meeting, and the Commission upheld the ruling of the stewards and suspended plaintiff for three years. Durham eventually showed up at the Commission hearing approximately one-half hour later. He moved for a rehearing which was denied. At that time he complained that he had not been allowed enough time to prepare, and that he did not receive official notice of the hearing until June 22,1983. He did admit, however, that he was informed on June 11, 1982, that the hearing probably would be held on that date.
Plaintiff appeals on the basis that he was denied due process because of two alleged errors on the part of the Commission: (1) lack of timely notice of the hearing, and (2) improper notice of the hearing.
TIMELY NOTICE
The letter sent to plaintiff informing him of the hearing was dated June 15,1982, but he did not receive it until June 22. He argues that this is too little time to prepare *1193 an adequate defense, and he thereby has been deprived of his right to due process.
The stewards’ ruling was handed down on June 14, 1982, and on that date plaintiff applied for and was granted a suspensive appeal from that decision. In the request for appeal, he asked that the Commission schedule its hearing on his appeal as soon as possible.
After he received the Commission letter of June 15, plaintiff did not request the continuance or protest in any way the alleged lack of sufficient notice. Furthermore, at the Commission hearing he indicated that he was informed on June 11 that his case was going to be placed on the agenda for that date. He argued, however, that he still would not have had ample time to prepare.
La.R.S. 4:154(F) requires that the Commission grant a hearing within ten days of the receipt of an appeal. Although Durham waived this right in his application for appeal, he nevertheless requested as expedient an appeal as possible. Knowing that the Commission would meet within a short period of time, indeed, requesting it himself, and being informed of the date at least two weeks in advance, he did not contact an attorney or do anything else to prepare for his defense until June 22. Even after his “formal” notification of the hearing date, neither he nor his attorney asked for a continuance or protested the lack of time to prepare a defense. It is important to note also that the plaintiff has been involved in racing for a number of years and is acquainted with the procedure by which the Commission operates.
In Brown v. Sutton, 356 So.2d 965 (La.1978), the Louisiana Supreme Court held:
As a general proposition, it is reasonable to expect one with knowledge of notice of an administrative proceeding affecting his rights not to stand by until the day of the hearing and then for the first time assert lack of notice. (Citations omitted).
Id. at 972.
The nature of racing and the rights of all parties involved, including the public, are important considerations in this case. Due to these considerations, and most importantly, the facts as presented by this case, we cannot find that plaintiff was denied his right to due process by reason of insufficient time to prepare a defense.
IMPROPER NOTICE
Durham argues that the notice of the hearing provided to him by the Commission was improper.
The Commission is governed by the Administrative Procedure Act, La.R.S. 49:951, et seq. La.R.S. 4:154.
La.R.S. 49:955(B) requires that the notice include:
“(1) A statement of the time, place, and .nature of the hearing; (2) A statement of the legal authority and jurisdiction under which the hearing is to be held; (3) A reference to the particular sections of the statutes and rules involved; (4) A short and plain statement of the matters asserted.
If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished.”
In the instant case, the notice to the plaintiff informed him of the date, time, place and nature of the hearing and advised him that it was in regard to the stewards’ ruling, a copy of which was attached to the notice. The stewards’ ruling contained a description of plaintiff’s actions that were the subject of its decision, a summary of the evidence against him, and a reference to the rule outlining prohibited drugs.
We find that this notice supplied to the plaintiff was sufficient to meet his due process requirements. We also note two other factors: (1) that plaintiff never requested a more definite statement from the Commission as provided by La.R.S. 49:955, and (2) the hearing was requested by the plaintiff himself.
*1194 As the Supreme Court stated in Tafaro’s Investment Co. v. Division of Housing Improvement, 261 La. 183, 259 So.2d 57 (1972):
The giving of notice of a hearing by administrative agencies need only be reasonable and need not meet the exacting requirements for notice in judicial proceedings. The type of notice and the method of notice vary with the quality of the proceeding and the results which can obtain after hearing. Id. 259 So.2d 60-61.
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.